# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | BK Case No. 09-10368 (MFW) |
| MANAGED STORAGE INTERNATIONAL, INC., et al., | : | |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| JEOFFREY L. BURTCH, Chapter 7 Trustee, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 19-802-LPS |
| | : | BAP No. 19-28 |
| AVT TECHNOLOGIES, Successor in Interest to Avnet, Inc., | : | |
| | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **18th** day of **June, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

In a related matter involving a different case on appeal, mediation was rejected by one of the parties. At that time, the parties had taken minimal discovery. Since then, they conducted discovery. According to Appellant, the ruling from the Bankruptcy Court provides certain guideposts that it feels limits the range of potential recoveries, should this appeal be successful. As a result, it believes a productive mediation is possible.

However, the Appellee does not. The Bankruptcy Court approved the Appellee's settlement on two occasions. It claims that on the second round, our Court's concerns regarding notice were addressed, were acknowledged as sufficient by the Appellant and by the Bankruptcy Court and is not identified as an issue on this appeal. Further, the Bankruptcy Court's opinion acknowledged that Appellee's settlement was supported by consideration and the release granted applied to Appellant's preference claims. These issues were not appealed. It argues that the only issues now before this Court are the review of Judge Walrath's application of the *In re Martin*[1] factors. Because review by this Court of approval of settlement is under FED. R. BANKR. P. 9019, it is does not believe mediation is worthwhile.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to file objections pursuant to

---

[1] 91 F.3d 389 (3d Cir. 1996).

28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge